Claire Gabrielle OAKES, Appellant
(Defendant below),

v.

Warren James OAKES, Appellee
(Plaintiff below).

No. 3603.

Supreme Court of Wyoming.

July 18, 1967.

James A. Tilker of Kline & Tilker, Cheyenne, for appellant.

Byron Hirst of Hirst, Applegate & Thomas, Cheyenne, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

Mr. Chief Justice HARNSBERGER delivered the opinion of the court.

This is an appeal from a decree in favor of the husband in his action for divorce against his wife which was granted upon the ground that the wife had rendered intolerable indignities to her husband. The husband's original complaint mainly asserted the intolerable indignities rendered him by his wife, but thereafter the husband was permitted to amend the first complaint, noting there was a child of the marriage, born March 23, 1954; that the wife was a fit and proper person to have the custody of the child; that the court should make its order giving the husband reasonable visitation rights and making a division of custody of the child; and that the court fix a proper amount to be paid by the father for the support and maintenance of the child while in the custody of the mother. The amendment also

set forth that both parties owned real and personal property and that final disposition of the same should be made. Thereupon, the husband prayed he be granted a decree dissolving his marriage to the defendant-wife; that the court determine the custody of the child and visitation rights; and that the court fix a reasonable sum for the support of the child during his minority and make a just and equitable division of the property between the parties.

The wife's answer, in her first defense, after admitting the allegations in the complaint relative to the birth of the child as an issue of the marriage, admitted that she was a fit and proper person to have custody of the child, and that the parties owned properties, and denied all other allegations of the husband's complaint. The wife also interposed as a second defense an allegation that she had commenced an action in the State of Connecticut on November 19, 1962, asking legal separation from her husband, custody of the minor child, alimony, and property.

There followed an exchange of interrogatories and answers thereto. Also, depositions were taken and motions to produce certain items were made, following which the plaintiff-husband admitted the court's jurisdiction of all matters arising from the marriage relationship, including property division, alimony, child custody, and child support, but denied the allegations of the wife's counterclaim, except as to matters expressly admitted. The husband's reply alleged that the Connecticut decree with respect to property, alimony, and child support, was founded upon false, inaccurate, and fraudulent testimony and representations by and on behalf of his wife.

At trial to the court without jury, testimony and evidence were received upon the issues thus presented by the pleadings, following which the court made specific findings of fact and entered its decree granting the husband an absolute divorce from the wife; awarding the wife the custody of the minor child, subject to specified rights of visitation granted the husband; made property division between the parties; and ordered the husband to pay to the wife for the maintenance of the minor child the sum of $125 per month, but denied the wife any alimony.

From this decree of the court the wife has appealed, contending: the basic issue was one of law as to whether the findings of fact in the Connecticut separation case are binding under the doctrine of collateral estoppel and preclude a Wyoming divorce on the grounds alleged; there was error in the court's decree in that there was insufficient evidence to support the holding that the husband was entitled to a divorce on the ground of intolerable indignities occurring subsequent to the Connecticut separation decree; that the trial court erred in holding that the decree and findings of the Connecticut case were not a bar or determinative of any issue or fact in the case; the trial court erred in its rulings on the wife's objections based upon collateral estoppel, res judicata, and collateral attack; the trial court erred in providing for custody of the child and division of the property; and the trial court abused its discretion and erred in not allowing alimony or further attorneys' fees to the defendant-wife.

There was received in evidence the entire record of the separation proceeding commenced November 19, 1962, in the State of Connecticut, in which action the husband filed a cross-complaint asking for divorce upon the grounds of intolerable cruelty rendered him by his wife. After a hearing, but before decree, the husband withdrew this cross-complaint for divorce, following which, on March 26, 1965, the Connecticut court entered its decree making certain specific findings; granting the wife legal separation from her husband; and giving the mother the care and custody of the child, subject to the right of reasonable visitation by his father. The decree also required the father to pay the mother the sum of $125 per month as alimony and $125 per month for the support

of the minor child, and required the husband to convey certain of his interests and properties to the wife; to continue to maintain in full force and effect adequate Blue Cross—Blue Shield and Major Medical Policies for the benefit of the wife and the minor child; and also to maintain life insurance policies in which the child was designated as beneficiary.

■ It seems clear the grounds upon which the wife obtained the separation decree were for alleged intolerable indignities rendered her prior to November 19, 1962, and of course they became res judicata as to the issues before the court at that time with the entry of the separation decree on March 26, 1965. See Willis v. Willis, 48 Wyo. 403, 49 P.2d 670. However, it is equally clear that what occurred after the commencement of the separation action on November 19, 1962, and the entry of the decree of separation on March 26, 1965, and thereafter, was not and could not have been adjudicated in the separation action in Connecticut. It is also clear that the issue in the instant action was whether or not the wife during the period following the commencement of her action for separation on November 19, 1962, had offered such indignities to her husband as rendered his condition intolerable.

Although the court generously admitted a volume of evidence extraneous to this issue, that evidence was surplusage. We therefore have examined only evidence as to what occurred between the parties subsequent to the commencement on November 19, 1962, of the wife's action for separation, to ascertain whether there was any substantial evidence to support the trial court's findings that there were such intolerable indignities offered by the wife to the plaintiff-husband. This examination discloses that the wife was guilty of indignities to her husband such as rudeness, unmerited reproach, haughtiness, contumely studied neglect, intentional incivility, manifest disdain, abusive language, malignant ridicule, manifestations of settled hate and estrangement, intentional acts and purpose of revenge and rejection, greed to obtain from her husband more money and property, and to pauperize him.

■ While there may be some question as to whether or not each of the trial court's findings constitutes intolerable indignities, there is little doubt that the wife's abusive language, malignant ridicule, manifestations of settled hate, acts to humiliate and scandalize, and her stated purpose to pauperize her husband, are offenses against the marital relation and constitute intolerable indignities even though the parties are living in a state of legal separation at the time. The testimony and evidence in the record disclose these facts and constitute substantial evidence that the wife was guilty of these intolerable indignities.

It is true that much of the testimony relative to these indignities of the wife to her husband does not always specify the exact times they were rendered, but from their recitation during the progress of the examination of witnesses, it is a fair inference that most, if not all, of those indignities occurred after she filed her complaint for legal separation. This is bolstered by the fact that the court found those indignities occurred after the separation complaint was filed.

There was express testimony in the record that the wife told her husband, after the decree of separation, and certainly after her separation complaint was filed on November 19, 1962, that, " 'I have taken you for everything, and I am going to let you get back on your feet for the next two years, and I will come back and take you for everything you have again.' " During the same period, the wife also said that she would make her husband suffer and get revenge by never letting him "off the hook," and she was determined to humiliate Oakes. It was also testified that she said the husband was going to pay, and she was going to get him to his last penny. Additionally, it appears that on many oc-

casions she humiliated and scandalized her husband.

■ There is no question but that such conduct on the part of a wife, even though legally separated from her husband, is unjustified and in itself is scandalous amounting to such intolerable indignities as warranted the court's granting a divorce to the husband. The record contains ample evidence that the wife was possessed of considerable means, while the husband was without any considerable assets and was earning only a relatively meager salary in an uncertain employment. These facts justified the court's refusal to award the wife either alimony or attorneys' fees.

We deem it unnecessary to go into the division of the property which was directed by the court in this action, especially as the wife got practically all that was possessed by the parties.

The affirmative defenses of the wife that the decree of separation was a bar to and determinative of any issue or facts present in the divorce action; that there was a collateral estoppel, res judicata of issues with respect to the divorce proceeding; that the divorce proceeding involved collateral attack upon the separation adjudication, and that the trial court abused its discretion and erred in not allowing the wife either alimony or attorneys' fees, are entirely without merit as hereinabove noted.

■ Where, as in this case, the appeal is based upon an attack as to the substantial quality of the evidence upon which the trial court made its decision, and there is no other question of law involved, no citation of authorities regarding the law of the case is proper or necessary.

In consequence, the decree of divorce, including the award of child custody, with visitation rights to the father; the division of the property; and the denial of alimony and attorneys' fees to the defendant, was proper and must be affirmed.

Affirmed.